UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LADRINA Y. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C14-1484-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff LaDrina Y. Davis appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 44-year-old woman with a high school education and additional certification in early childhood education, and as a nursing assistant, bartender, and truck driver. Administrative Record ("AR") at 261, 472. Her past work experience includes

REPORT AND RECOMMENDATION - 1

employment as a childcare provider and accounts receivable clerk. AR at 278, 289. Plaintiff was last gainfully employed in May 2010. AR at 63.

On July 29, 2011, Plaintiff protectively filed applications for DIB and SSI, alleging an onset date of May 28, 2011.[1] AR at 235-48, 269. Plaintiff asserts that she is disabled due to fibromyalgia, chronic pain, leg swelling, headaches, insomnia, panic attacks, depression, anxiety, and lower back pain. AR at 260.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 154-57, 165-77. Plaintiff requested a hearing, which took place on January 23, 2013. AR at 55-107. On May 1, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform her past relevant work, as well as other jobs existing in significant numbers in the national economy. AR at 32-49. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-8, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On September 25, 2014, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

---

[1] Plaintiff amended her alleged onset date to May 28, 2010. AR at 60.

REPORT AND RECOMMENDATION - 2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

### IV.   EVALUATING DISABILITY

As the claimant, Ms. Davis bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§

REPORT AND RECOMMENDATION - 3

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.   DECISION BELOW

On May 1, 2013, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since May 28, 2010, the amended alleged onset date.

3. The claimant's obesity, myalgia and myositis not otherwise specified are severe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she can frequently stoop, kneel, crouch, crawl and climb ramps and stairs. She has no limitation balancing and can occasionally climb ladders, ropes and scaffolds. The claimant needs to avoid concentrated exposure to vibration and hazards such as moving machinery and unprotected heights.

|   |   |   |
|---|---|---|
| 6. | | The claimant is capable of performing past relevant work as an accounts receivable clerk and child-care worker. |
| 7. | | In the alternative, considering the claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that she can perform. |
| 8. | | The claimant has not been under a disability, as defined in the Act, from May 28, 2010, through the date of the decision. |

AR at 35-48.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in finding at step two that Plaintiff's fibromyalgia, lower extremity edema, degenerative disc disease, plantar fasciitis, obstructive sleep apnea, chronic fatigue, and depression were either not severe or not medically determinable;

2. Whether the ALJ erred in failing to comply with the requirements of Social Security Ruling ("SSR") 02-1p in assessing Plaintiff's obesity; and

3. Whether the ALJ erred in assessing the opinions of examining psychologist Arthur Davis, Ph.D., and treating provider Jeannie Chang, PA-C.

Dkt. 15 at 1-2.

## VII.   DISCUSSION

Plaintiff's assignment of errors relate to the ALJ's assessment of the medical evidence and her RFC. The Court's review of the record makes clear that the medical record is inadequate and requires further development, and that the ALJ breached her duty to fully develop the record with regard to Plaintiff's impairments and limitations. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (holding that an ALJ has "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"). The ALJ's step-two and RFC findings — particularly as to fibromyalgia, obesity, chronic fatigue, sleep apnea, and depression — indicate that the documentation of Plaintiff's conditions and related limitations is underdeveloped to the point that a full evaluation of Plaintiff's RFC is

REPORT AND RECOMMENDATION - 6

impossible. *See, e.g.*, AR at 35-38, 46 (describing Plaintiff's incomplete testing and treatment for various conditions, and Plaintiff's difficulty coordinating medical care).

Furthermore, the volume of Plaintiff's medical treatment notes and number of medication prescriptions suggest that further development of the record is necessary to allow an ALJ to adequately evaluate Plaintiff's physical and mental conditions. *See* AR at 302 (medication list), 319-458 (medical evidence), 476-93 (same), 497-874 (same). Unfortunately, the ALJ in this case attempted to play doctor, rather than seek input from trained medical professionals. *See, e.g.*, *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (". . . ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). On remand, the ALJ shall reconsider the medical evidence anew, obtain additional medical opinion evidence as to Plaintiff's physical and mental functioning from a consultative examiner or a medical expert, and further develop the record as necessary.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED for further administrative proceedings. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 22, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 26, 2015**.

1   This Report and Recommendation is not an appealable order. Thus, a notice of appeal
2   seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3   assigned District Judge acts on this Report and Recommendation.
4   DATED this 8th day of June, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8